IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT SUMMERS,<br>　　PLAINTIFF, | |
| v. | Case No. _____ |
| ABILITY RECOVERY SERVICES, LLC<br>　　DEFENDANT | |

# COMPLAINT AND JURY DEMAND

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA").

## VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

4. The Plaintiff resides in this Judicial District.

## PARTIES

5. The Plaintiff, Robert Summers ("Plaintiff"), is an adult individual residing in Bosier City, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Ability Recovery Services, LLC ("Defendant") is a Pennsylvania LLC believed to be operating from Scranton, Pennsylvania or Kingston, Pennsylvania or Moosic, Pennsylvania.

7. The Defendant can be served in Louisiana via its registered agent, Corporation Service Company, at 320 Somerulos St., Baton Rouge, Louisiana 70802-6129.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

10. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

11. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").

12. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

13. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

15. The Plaintiff disputes the Account.

16. The Plaintiff requests that the Defendant cease all further communication on the Account.

17. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

18. The Defendant acted at all times mentioned herein through its employee(s).

19. During the one year prior to the date of the filing of this Complaint, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiff to collect the Account.

20. In multiple conversations, Defendant's employees threatened that the Plaintiff would be sued if he did not satisfy the debt by making a payment. Specifically, Defendant's employee using the name "Derek" told Plaintiff:

    a. That Defendant was a law firm;

    b. That the account had been outsourced to this law firm to pursue legally;

    c. That a lawsuit was being filed against Plaintiff;

    d. That the call was being recorded and that it would be played for the judge when Defendant takes the case against Plaintiff to court;

    e. That Plaintiff's inability to satisfy the debt before getting off the phone with Defendant was "going to bring great hardship upon [Plaintiff] in the future;"

    f. That the attorney working on Plaintiff's file was looking at Derek while Derek was on the phone with Plaintiff and that if the call ended without the account being resolved, the attorney would immediately go file a lawsuit;

    g. That if Plaintiff did not call back to Defendant and resolve the account within 24 hours, Defendant would "go ahead and file it with [Plaintiff's] local magistrate immediately."

21. Defendant's employee said the things described in Paragraph 20 above in order to cause Plaintiff to believe that a lawsuit would immanently be filed against him and to cause fear in him in hopes that he would make a payment on the alleged debt.

22. As of the filing of this complaint, however, no lawsuit has been filed against him.

23. Additionally, in the same call described in paragraph 20 above, Defendant failed to inform Plaintiff that the communication was from a debt collector.

24. In at least one phone call to Plaintiff, Defendant failed to provide meaningful disclosure of the caller's identity.

25. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

26. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

27. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

31. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692(d)(6) and 15 U.S.C. § 1692e(2)(A)&(3)&(4)&(5)&(10)&(11)&(13) and 15 U.S.C. § 1692f(6).

32. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

33. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

34. The conduct of the defendant as described above was done knowingly and willfully and purposefully.

## **RESPONDEAT SUPERIOR**

35. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

36. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

37. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

38. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

39. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

40. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

41. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

42. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

43. The previous paragraphs are incorporated into this Count as if set forth in full.

44. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(6) and 15 U.S.C. § 1692e(2)(A)&(3)&(4)&(5)&(10)&(11)&(13) and 15 U.S.C. § 1692f(6).

45. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

### JURY TRIAL DEMAND

46. The Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

47. Judgment in favor of the Plaintiff and against the Defendant.

48. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

49. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

50. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

51. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Denis E. Vega

_____
Denis E. Vega, Esq. (LA #26740)
Vega & Associates, LLC
335 City Park Avenue, Suite 2A
New Orleans, Louisiana 70119
Phone: 504-534-8342
Fax: 504-324-0868
Email: dvega@vegalaw.net


/s/ Jeff Wood

_____
Jeff Wood, Esq. (AR #2006164)
103 N. Goliad, Suite 204
Rockwall, TX 75087
Phone: 615-628-7128
Fax: 615-807-3344
Email: jeff@mmlaw.pro